HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SIMPLEX MANUFACTURING CO.,

    Movant,

  v.

KEN CHIEN, et al.,

    Respondents.

CASE NO. C12-835RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on the motion of Movant Simplex Manufacturing Co. ("Simplex") to compel Respondents Ken Chien and KChien, LLC to respond to two subpoenas duces tecum, as well as Respondents' cross-motion to quash the subpoena. Dkt. ## 1, 12. For the reasons stated below, the court DENIES Simplex's motion to compel and GRANTS Respondents' motion to quash.

## II. BACKGROUND

Simplex is an aviation equipment company embroiled in litigation with its former CEO, Steven Daniels. According to the complaint in that litigation, which is pending in the United States District Court for the District of Oregon, Mr. Daniels has competed with Simplex in violation of one or more contracts and has engaged in unfair competition. *See Simplex Mfg. Co. v. Daniels*, No. CV11-224JO (D. Ore.) (complaint filed Feb. 22, 2011).

ORDER – 1

To prove its allegations, Simplex has relied in part on subpoenas to people and companies with whom Mr. Daniels is allegedly engaged in business. Among them are Mr. Chien and KChien, the limited liability company of which he is the sole owner and employee. Both Mr. Chien and KChien are Washington residents. After an ineffective attempt at service, Simplex served Mr. Chien and KChien on January 26, 2012, with subpoenas duces tecum and served Mr. Chien with a deposition subpoena. All three subpoenas issued from this court.

Mr. Chien, who had no attorney at the time, responded three days later by emailing the Simplex attorney who issued the subpoena. He stated as follows: "I am now in receipt of your subpoena. It is my intent to make myself available for a deposition at a day to be set by Steven Daniels' lawyer." Hughes Decl. (Dkt. # 1-1), Ex. D. Mr. Chien did not mention the subpoenas for documents. Working with Mr. Daniels' attorney, Mr. Chien and Simplex arranged his deposition for March 14 in Oregon. So far as the record reveals, Simplex did not address the subpoenas for documents again until March 8, when Simplex's attorney demanded that Mr. Chien produce responsive documents before his deposition. Mr. Chien appeared for his deposition on March 14, but produced no documents.

Simplex now moves to compel Mr. Chien and KChien to respond to the document subpoenas. Mr. Chien, who now has counsel, filed a cross-motion to quash.

### III.  BACKGROUND & ANALYSIS

Civil litigants are entitled to discovery of "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). A discovery request need not call for evidence that would be admissible at trial, so long as the request "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The court can limit discovery for numerous reasons, including that the discovery sought "can

ORDER – 2

be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

These general discovery limitations apply with equal force to subpoenas to third parties. *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679-80 (N.D. Cal. 2006). A court can quash or modify a subpoena that does not seek information that falls within the broad scope of permissible discovery. *Id.* at 680. A party issuing a subpoena "must take reasonable steps to avoid imposing undue burden or expense" on the subpoena's target, and the court from which the subpoena issues must enforce this restriction. Fed. R. Civ. P. 45(c)(1); *see also* Fed. R. Civ. P. 45(c)(2)(B)(ii) (noting that when issuing an order resolving a motion to compel subpoena compliance, the court "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance"). The apparent relevance of the information a subpoena seeks informs the extent to which its burden is undue, and the court must balance relevance, the requesting party's need for the information, and the hardship to the subpoena's target. *Google*, 234 F.R.D. at 680. The party opposing the subpoena bears the burden of showing that it is unduly burdensome. *Goodman v. United States*, 369 F.2d 166, 169 (9th Cir. 1966). The court's decision on a motion to quash a subpoena or a motion to compel compliance is a matter of discretion. *Mattel Inc. v. Walking Mt. Productions*, 353 F.3d 792, 813 (9th Cir. 2003).

Before applying these general discovery principles to this dispute, the court addresses Simplex's threshold contention that Mr. Chien's failure to object to the document subpoenas waives his right to seek relief from the court. Rule 45 allows the target of a subpoena to object to it "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(c)(2)(B). Those objections place the burden on the party propounding the subpoena to seek an order of the court compelling compliance. *Id.* In the ordinary case, failure to object timely waives the right

ORDER – 3

to object later. *McCoy v. Southwest Airlines Co.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002) ("[A] nonparty's failure to timely make objections to a Rule 45 subpoena duces tecum generally requires the court to find that any objection, including attorney-client privilege, has been waived."). Courts recognize exceptions where "the subpoena is overbroad on its face and exceeds the bounds of fair discovery," the subpoena's target is "a non-party acting in good faith," and the target and the subpoenaing party are in contact regarding the subpoena before the target challenges the subpoena. *Id.* (quoting *Am. Elec. Power Co. v. United States*, 191 F.R.D. 132, 136 (S.D. Oh. 1999)).

The court declines to impose the harsh consequences of waiver on Mr. Chien. He contacted Simplex's attorney only three days after he received proper service of the subpoenas. He did not mention the document subpoenas, but neither did Simplex's counsel until a few days before the deposition that Mr. Chien agreed to attend. Simplex's counsel had the opportunity at the deposition to discuss compliance with the document subpoenas, but he did not. Simplex could have used the deposition to establish that responsive documents existed and that they had relevance to the Oregon litigation, but it did not.

The document subpoenas are overbroad on their face. The one Simplex served on Mr. Chien seeks every document with any conceivable relation to Mr. Chien's relationship with Mr. Daniels (and at least five people and entities who Simplex deems "Daniels affiliates") since Mr. Daniels left Simplex in 2010. If there is a document related to Mr. Daniels' relationship with Mr. Chien that is not within the scope of the 12 requests attached to the subpoena, the court cannot imagine what it is. At the same time, Simplex has given the court far too little explanation of its claims in the Oregon litigation and the relevance of Mr. Daniels' relationship with Mr. Chien to those claims. The court can only conclude that the subpoena is overbroad. The subpoena to KChien is no better. It not only duplicates most of the same overbroad requests, it includes a request for

ORDER – 4

KChien to produce forensic images of every electronic device in its possession to which Mr. Daniels has had access.

Mr. Chien claims that the subpoenas are not only overbroad, they would require him to disclose confidential or trade secret information related to his business. He has provided relatively little specific detail to support that assertion, but the court has no doubt that subpoenas as broad as Simplex served would require the disclosure of competitively sensitive information. A protective order in place in the Oregon litigation would provide some protection to Mr. Chien, but he is understandably wary about placing competitively sensitive information in the hands of a competitor.

On this record, the court concludes that the subpoenas are overbroad and beyond the scope of fair discovery, that Mr. Chien has acted in good faith,[1] and that despite his contacts with Simplex, Simplex made no good faith attempt to narrow the scope of the document subpoenas. The court will accordingly quash the subpoenas. It is possible that some of the requests within the subpoenas are narrowly drawn to seek relevant information, but Simplex has not given the court enough information to reach that conclusion. *See Mattel*, 353 F.3d at 813 (quashing subpoena that contained some reasonable requests where other requests were "way too broad for the explanation given by [the party issuing the subpoena]," and moving party had not attempted to "tailor the information request to the immediate needs of the case").

The court's ruling today is not necessarily the end of Simplex's efforts to obtain documents from Mr. Chien. It is possible that Simplex might propound a narrower subpoena, might tailor that subpoena carefully to avoid unnecessary disclosure of

---

[1] The record reveals that Mr. Chien has business disputes with Simplex and its current CEO. His apparent ill-will toward Simplex is evident in, for example, the transcript of his deposition. The court's finding that Mr. Chien has acted in good faith is based largely on his willingness to appear quickly for deposition in response to the subpoenas. Mr. Chien's refusal to address the document subpoenas until Simplex brought him to court weighs against a finding of good faith, and the court cautions him that adopting the same approach in response to a future subpoena would place him at risk of a contempt finding or an award of sanctions.

ORDER – 5

confidential information, and might work in good faith with Mr. Chien to reach reasonable compromises.  If it does, Mr. Chien must either produce documents or he must promptly object to the subpoenas.  In the event the parties end up before this court again, the court expects Simplex to do a better job explaining the relevance of the documents it seeks and expects Mr. Chien to do a better job explaining his reasons for withholding documents.

## IV.  CONCLUSION

For the reasons stated above, the court DENIES Simplex's motion to compel (Dkt. # 1) and GRANTS Mr. Chien's and KChien's motion to quash (Dkt. # 12).  If Simplex wishes to issue new subpoenas in compliance with this order, it may do so.  If the parties present no further disputes to the court before October 31, the court will close this subpoena enforcement action.

DATED this 31st day of August, 2012.

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 6